OVERTON, Justice.
Appellant was charged with driving while under the influence of alcohol. The charging information was titled: “Driving while under the influence of alcohol, 316.193, F.S.,” and contained the following allegation: “Harold H. Dreblow on December 22, 1978 in said County and State did drive or be in the actual physical control of a vehicle while under the influence of an alcoholic beverage to the extent that his normal faculties were impaired, contrary to Section 322.262, Florida Statutes.”
The appellant moved to dismiss the charge on the grounds that the scope and application of section 322.262(1), Florida Statutes, were broader than the title of the enabling act, chapter 67-308, contrary to the requirements of article III, section 6, of the Florida Constitution.[1] The trial court denied the motion. Appellant thereupon pleaded nolo contendere, reserving the right to appeal the denial of the motion to dismiss. We have jurisdiction.[2]
The information in this case clearly referred to section 316.193 in its title. Section 316.193 is the prime and appropriate charging statute for driving under the influence of alcoholic beverages. The reference to section 322.262 in the body of the information does not alter the nature of the information; rather, this reference was of a supplementary nature. Section 322.262 restates the unlawfulness of driving while under the influence of alcoholic beverages as set forth in section 316.193 and establishes the presumptions for intoxication as a result of chemical tests. The defendant was on notice of the provisions of both sections.
The allegations in the information made clear all relevant facts necessary to support the offense. Appellant’s assertion that he was charged solely under section 322.262 is unfounded. He was charged under section 316.193, or arguably under both sections. The appellant advances no argument that a charge for the instant offense under section 316.193 is erroneous. We find the information sufficiently and properly charges an offense under the laws of this state and further find there is no constitutional title defect in section 322.262. See State v. Lee, 156 Fla. 291, 22 So.2d 804 (1945).
The appellant’s conviction is affirmed.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, SUNDBERG, ALDERMAN and MCDONALD, JJ., concur.

. Art. Ill, § 6, Fla.Const.:
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.

. Art. V, § 3(b)(1), Fla.Const.